UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **SAMUEL FREMPONG** )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>)<br>**UNITED STATES OF AMERICA, et al.** )<br>*Defendants*, )<br>)<br>_____ ) | Civil No.: 1:23-cv-1592 (RDA/JFA) |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Samuel Frempong, by counsel, who files this Amended Complaint, and respectfully moves for judgment against Defendants UNITED STATES OF AMERICA and Ingrid Lisseth Parada Mendoza, jointly and severally, on the grounds and in the amount as is hereinafter set forth:

### PARTIES, JURISDICTION AND VENUE

1. At all times relevant herein, Plaintiff, Samuel Frempong (hereinafter referred to as the Plaintiff), has been a resident of Prince William County in the Commonwealth of Virginia.

2. Upon information and belief, Defendant, Ingrid Lisseth Parada Mendoza (hereinafter referred to as the "Defendant Mendoza"), is a resident of Prince William County, in the Commonwealth of Virginia.

3. This action as to the Defendant United States of America is filed under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(l), for the negligence of Ms. Madison Taylor Thiel, who at all times relevant hereto was acting as an agent, servant and/or employee of an applicable federal agency, within the course and scope of her employment.

4. The accident that is the subject of this Complaint occurred in Prince William County, Virginia.

5. This Court has jurisdiction and venue over this matter pursuant to the provisions of 28 U.S.C.S. § 1346(b)(1) and 28 U.S.C.S. § 1402(b).

6. This Court also has supplemental jurisdiction of the causes of action against Defendant Mendoza pursuant to 28 U.S.C. § 1367, since they are an action to recover money damages from Defendant Mendoza for negligence arising from the same case or controversy as Count I against the United States of America. Indeed, this lawsuit involves a single car accident involving three parties, and this Court is the proper and only forum that can provide complete and final relief to all parties via this lawsuit.

7. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

8. This suit has been timely filed, in that Plaintiff timely presented her claim on the applicable federal agency less than two years after the claim accrued, and that agency timely acknowledged receipt.

9. The claim of Plaintiff was denied by the federal agency by letter dated December 9, 2022.

## Facts

10. On or about December 15, 2020 at approximately 8:58 a.m., Plaintiff was operating a 2013 Toyota Rav4 motor vehicle northbound on Blackburn Road near its intersection with Reddy Drive in Prince William County, Virginia.

11. At the aforementioned date, place, and time, Defendant Mendoza was operating a 2006 Honda Accord motor vehicle directly behind a 2018 Ford Transit being driven by Ms. Madison Taylor Thiel. Both vehicles were traveling southbound on Blackburn Road.

12. At the aforementioned date, place and time, Ms. Madison Taylor Thiel came to a sudden stop in the roadway to make a right turn.

13. At all times relevant hereto, Ms. Madison Taylor Thiel was an agent, servant and/or employee of a federal agency and was acting within the course and scope of her employment at all times described in this Complaint. Under the doctrine of *respondeat superior*, and the Federal Tort Claims Act, therefore, Defendant United States of America is liable for the acts and negligence of its agent Ms. Madison Taylor Thiel.

14. At the aforementioned date, place, and time, Defendant Mendoza failed to pay full time and attention; failed to apply her brakes in a timely manner; failed to maintain proper control; followed too closely to Ms. Thiel's vehicle, and traveled at an excessive speed under the circumstances, and collided with the rear of the motor vehicle driven by Ms. Thiel.

15. After colliding with the motor vehicle driven by Ms. Thiel, Defendant Mendoza's motor vehicle caromed across the northbound traffic and struck the motor vehicle driven by the Plaintiff twice, which had been traveling in the opposite direction on Blackburn Road, injuring and causing damages to the Plaintiff.

## **COUNT I – NEGLIGENCE AS TO DEFENDANT MENDOZA**

16. Paragraphs 1 to 15 are incorporated herein by reference.

17. At the aforementioned date, place, and time, Defendant MENDOZA failed to pay full time and attention; failed to apply her brakes in a timely manner; failed to maintain proper

control; followed too closely to Ms. Thiel's vehicle; and traveled at an excessive speed under the circumstances, and collided with the rear of the motor vehicle driven by Ms. Thiel.

18. After colliding with the motor vehicle driven by Ms. Thiel, Defendant Mendoza's motor vehicle crossed over to the northbound traffic and struck the motor vehicle driven by the Plaintiff twice, that had been traveling in the opposite direction on Blackburn Road.

19. At all times relevant herein, it was the duty of Defendant Mendoza to use ordinary and reasonable care, to keep the vehicle she was driving under proper control, to pay full time and attention to the operation of her vehicle, to keep a proper lookout, to apply her brakes in a timely manner, to keep a proper and safe distance from the motor vehicle ahead of her vehicle, to obey all traffic and safety laws and regulations, and/or to drive said vehicle in a reasonable, careful, and prudent manner with due regard for the safety of others.

20. Notwithstanding said duties, Defendant MENDOZA did carelessly and negligently operate the vehicle she was driving so as to cause a collision with the Plaintiff's motor vehicle. Defendant MENDOZA's negligent acts and/or omissions include but are not limited to the following:

   a. failure to operate her vehicle at a reasonable speed under the existing conditions; and/or

   b. failure to timely apply brakes; and/or

   c. failure to avoid the collision; and/or

   d. failure to maintain her vehicle under proper control; and/or

   e. failure to keep a proper lookout; and/or

   f. failure to pay full time and attention to the operation of her motor vehicle; and/or

   g. failure to keep a proper and safe distance from the motor vehicle ahead of her vehicle; and/or

  h. failure to comply with the applicable Commonwealth of Virginia Motor Vehicles Regulations then and there in effect; and/or

  i. failure to otherwise operate said vehicle in a reasonable, careful, and prudent manner.

21. As a direct and proximate result of the Defendant MENDOZA's negligence, Plaintiff was caused to sustain serious physical injuries, including injuries to his left elbow, left knee, shoulder, neck and back, some or all of which are permanent. In addition, as a direct and proximate result of the Defendant MENDOZA's negligence, the Plaintiff was caused to sustain damages which include, but are not limited to, the following: all bodily injuries sustained and their effect on the Plaintiff's health according to their degree and probable duration; all physical pain and mental anguish suffered by the Plaintiff in the past, and any that may be reasonably expected in the future; any inconvenience caused to the Plaintiff in the past, and any that will probably be caused in the future; any and all medical, therapeutic, diagnostic, restorative, and/or rehabilitative expenses incurred in the past and any that may be reasonably expected in the future that are incurred in an effort to be cured of said injuries; and any and all earnings that the Plaintiff lost, because he was unable to work at his calling; and any and all loss of earnings and lessening of earning capacity, or either, that the Plaintiff may reasonably be expected to sustain in the future. The Plaintiff has suffered, and will continue to suffer, permanent human damages, including great pain of body and mind, mental anguish, humiliation, embarrassment, restrictions of activities of daily living, and physical and mental suffering.

**COUNT II – NEGLIGENCE AS TO DEFENDANT UNITED STATES OF AMERICA**

22. The allegations contained in Paragraphs 1-21 are hereby incorporated by reference herein.

23. At the aforementioned date, place, and time, Ms. Madison Taylor Thiel failed to pay full time and attention to her driving, failed to operate her vehicle with reasonable and ordinary care, failed to only attempt a right turn when it was reasonable and safe to do so, and came to a sudden stop in the roadway thereby causing or contributing to causing Defendant Mendoza's motor vehicle to strike the rear of Ms. Thiel's motor vehicle, and thereby causing or contributing to causing Defendant Mendoza's motor vehicle to carom across lanes of traffic and strike the Plaintiff's motor vehicle.

24. Upon information and belief, Ms. Thiel also failed to timely signal a right turn prior to coming to her sudden stop in the roadway.

25. At all times relevant herein, it was the duty of Ms. Thiel to use ordinary and reasonable care, to keep the vehicle she was driving under proper control, to pay full time and attention to the operation of her vehicle, to apply her brakes in a timely manner, to timely signal her intention to turn her motor vehicle, to obey all traffic and safety laws and regulations, and to exercise reasonable and ordinary care in stopping her vehicle, and/or to drive said vehicle in a reasonable, careful, and prudent manner with due regard for the safety of others, which includes not coming to a sudden stop on the roadway and only attempting to turn when it was reasonable and safe to do so.

26. Notwithstanding said duties, Ms. Thiel did carelessly and negligently operate the vehicle she was driving so as to cause or contribute to causing a collision with Defendant Mendoza's motor vehicle, which in turn caused or contributed to causing Defendant Mendoza to carom across lanes of traffic and strike Plaintiff's motor vehicle. Ms. Thiel's negligent acts and/or omissions include but are not limited to the following:

    a. failure to operate a vehicle at a reasonable speed under the existing conditions; and/or

  b.  failure to timely apply brakes; and/or

  c.  failure to not stop suddenly on the roadway; and/or

  d.  failure to only attempt to turn when it was reasonable and safe to do so; and/or

  e.  failure to avoid the collision; and/or

  f.  failure to maintain her vehicle under proper control; and/or

  g.  failure to keep a proper lookout; and/or

  h.  failure to pay full time and attention to the operation of her motor vehicle; and/or

  i.  failure to comply with the applicable Commonwealth of Virginia Motor Vehicles Regulations then and there in effect; and/or

  j.  failure to otherwise operate said vehicle in a reasonable, careful, and prudent manner.

27. As a direct and proximate result of the Ms. Thiel's negligence, Plaintiff was caused to sustain serious physical injuries, including injuries to his left elbow, left knee, shoulder, neck and back, some or all of which are permanent. In addition, as a direct and proximate result of the Defendant's negligence, the Plaintiff was caused to sustain damages which include, but are not limited to, the following: all bodily injuries sustained and their effect on the Plaintiff's health according to their degree and probable duration; all physical pain and mental anguish suffered by the Plaintiff in the past, and any that may be reasonably expected in the future; any inconvenience caused to the Plaintiff in the past, and any that will probably be caused in the future; any and all medical, therapeutic, diagnostic, restorative, and/or rehabilitative expenses incurred in the past and any that may be reasonably expected in the future that are incurred in an effort to be cured of said injuries; and any and all earnings that the Plaintiff lost, because she was unable to work at his calling; and any and all loss of earnings and

lessening of earning capacity, or either, that the Plaintiff may reasonably be expected to sustain in the future.  The Plaintiff has suffered, and will continue to suffer, permanent human damages, including great pain of body and mind, mental anguish, humiliation, embarrassment, restrictions of activities of daily living, and physical and mental suffering.

28. At all times relevant hereto, Ms. Madison Taylor Thiel was an agent, servant and/or employee of a federal agency and was acting within the scope of her employment at all times described in this Complaint. Under the doctrine of *respondeat superior*, and the Federal Tort Claims Act, therefore, Defendant United States of America is liable for the acts and negligence of Ms. Madison Taylor Thiel.

29. The acts and/or omissions set forth above as to Ms. Madison Taylor Thiel constitute negligence under the laws of the Commonwealth of Virginia. The Defendant United States of American is therefore liable pursuant to 28 U.S.C. § 1346(b)(1).

**COUNT III – JOINT AND SEVERAL NEGLIGENCE AS TO BOTH DEFENDANTS**

30. The allegations contained in Paragraphs 1-29 are incorporated by reference herein.

31. At all times relevant herein, both Defendant Mendoza and Ms. Madison Taylor Thiel, jointly and severally, owed the Plaintiff the duties to use ordinary and reasonable care, to keep the motor vehicles they were driving under proper control, to keep a proper lookout, to operate their motor vehicles utilizing ordinary and reasonable care, to pay full time and attention to the operation of their motor vehicles, to obey all traffic and safety laws and regulations, and/or to drive said motor vehicles in a reasonable, careful, and prudent manner with due regard for the safety of others.

32. Notwithstanding said duties, both Defendant Mendoza and Ms. Madison Taylor Thiel, jointly and severally, did carelessly and negligently operate their motor vehicles so as to cause a collision with the Plaintiff. The Defendant Mendoza and Ms. Madison Taylor Thiel's negligent acts and/or omissions breached their aforementioned duties in the following manner, including, but not limited to:

   a. Failure to operate a motor vehicle at a reasonable speed under the existing conditions; and/or

   b. Failure to timely apply brakes; and/or

   c. failure to not stop suddenly on the roadway;

   d. failure to only attempt to turn when it was reasonable and safe to do so; and/or

   e. Failure to avoid the collision; and/or

   f. Failure to maintain the motor vehicle under proper control; and/or

   g. Failure to keep a proper lookout; and/or

   h. failure to keep a proper and safe distance from the motor vehicle ahead of her vehicle; and/or

   i. Failure to pay full time and attention to the operation of the motor vehicle; and/or

   j. Failure to comply with applicable Commonwealth of Virginia Motor Vehicles Regulations then and there in effect; and/or

   k. Failure to otherwise operate said motor vehicle in a reasonable, careful, and prudent manner;

33. As a direct and proximate result of Defendant Mendoza and Ms. Madison Taylor Thiel's joint and several negligence, Plaintiff was caused to sustain serious physical injuries,

including injuries to his left elbow, left knee, shoulder, neck and back, some or all of which are permanent.  In addition, as a direct and proximate result of the Defendants' joint and several negligence, the Plaintiff was caused to sustain damages which include, but are not limited to, the following: all bodily injuries sustained and their effect on the Plaintiff's health according to their degree and probable duration; all physical pain and mental anguish suffered by the Plaintiff in the past, and any that may be reasonably expected in the future; any inconvenience caused to the Plaintiff in the past, and any that will probably be caused in the future; any and all medical, therapeutic, diagnostic, restorative, and/or rehabilitative expenses incurred in the past and any that may be reasonably expected in the future that are incurred in an effort to be cured of said injuries; and any and all earnings that the Plaintiff lost, because she was unable to work at his calling; and any and all loss of earnings and lessening of earning capacity, or either, that the Plaintiff may reasonably be expected to sustain in the future.  The Plaintiff has suffered, and will continue to suffer, permanent human damages, including great pain of body and mind, mental anguish, humiliation, embarrassment, restrictions of activities of daily living, and physical and mental suffering.

34. At all times relevant hereto, Ms. Madison Taylor Thiel was an agent, servant and/or employee of a federal agency and was acting within the scope of her employment at all times described in this Complaint. Under the doctrine of *respondeat superior*, and the Federal Tort Claims Act, therefore, Defendant United States of America is liable for the acts and negligence of Ms. Madison Taylor Thiel.

35. The acts and/or omissions set forth above as to Ms. Madison Taylor Thiel constitute negligence under the law of the Commonwealth of Virginia. The Defendant United States of American is therefore liable pursuant to 28 U.S.C. § 1346(b)(1).

## AD DAMNUM

WHEREFORE, Plaintiff, SAMUEL FREMPONG, by counsel, respectfully moves this Honorable Court for the entry of judgment in Plaintiff's favor, against Defendants INGRID LISSETH PARADA MENDOZA and the United States of America, jointly and severally, for Compensatory Damages in the amount of ONE MILLION DOLLARS ($1,000,000.00); for pre- and post-judgment interest pursuant to § 8.01-382, effective December 15, 2020; costs; and for all such other relief as this Honorable Court may deem reasonable and appropriate.

## JURY TRIAL REQUEST

Plaintiff, by counsel, respectfully requests a trial by jury on all facts or issues so triable.

Respectfully Submitted,

SAMUEL FREMPONG
By Counsel

**PIKRALLIDAS | PROBASCO**
10605 Judicial Drive
Building A-4
Fairfax, VA 22030
TEL:   703-267-2600
FAX:   703-273-8046
EMAIL: DP@piklaw.com
        Ryan@piklaw.com


   **/s/Ryan M. Probasco, Esq. Vsb # 85431**
Ryan M. Probasco, Esquire
Virginia State Bar No. 85431
Demetrios C. Pikrallidas, Esquire
Virginia State Bar No. 33872

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Hugham Chan
Assistant U.S. Attorney
U.S. Attorney's Office, Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
P: (703) 299-3743 | F: (703) 299-3983
Email: Hugham.Chan@usdoj.gov

*Counsel for Defendant United States of America*


Janet W. Cochran, Esq.
Allstate Client Legal Services
14399 Penrose Place
Suite 260
Chantilly, Virginia  20151
Cell – (571) 758-8640
Email: Janet.Cochran@allstate.com

*Attorney for Defendant Mendoza*

　　　　　　　　　　　　　　　　　　　　　　　　／s/ Ryan M. Probasco, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　Ryan M. Probasco, Esq.