IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SAMUEL FREMPONG, )  )  Plaintiff, )  )  v. )  MADISON TAYLOR THIEL, *et al.*, )  )  Defendants. ) | Civil Action No. 1:23-cv-1592 (RDA/WBP) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant United States of America's Partial Motion to Dismiss the Amended Complaint and Motion to Dismiss the Crossclaim ("Motions to Dismiss") (Dkt. Nos. 15; 23). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Loc. Civ. R. 7(J). This matter has been fully briefed and is now ripe for disposition. Having considered the United States' Motions to Dismiss (Dkt. Nos. 15; 23) together with the Memoranda in Support (Dkt. Nos. 17; 24), Plaintiff Samuel Frempong's and Defendant/Cross-Claimant Ingrid Lisseth Parada Mendoza's Oppositions (Dkt. Nos. 20; 26), and the United States' Replies (Dkt. Nos. 22; 27), this Court DENIES the United States' Partial Motion to Dismiss the Amended Complaint (Dkt. 15) and DENIES the United States' Motion to Dismiss the Crossclaim (Dkt. 23) for the reasons that follow.

1

I. BACKGROUND

A. Factual Background[1]

As alleged in the Amended Complaint, on the morning of December 15, 2020, Plaintiff Samuel Frempong ("Mr. Frempong") was travelling within Prince William County, Virginia. Dkt. 11 ¶ 10. While he was heading northbound on Blackburn Road, Defendant Madison Taylor Thiel ("Ms. Thiel") and Defendant/Cross-Claimant Ingrid Lisseth Parada Mendoza ("Ms. Mendoza") were driving southbound on that same road, with the former directly ahead of the latter. *Id.* ¶¶ 10-11. At some point, Ms. Thiel, without signaling, came to a sudden stop in the roadway in an effort to make a right turn. *Id.* ¶¶ 12, 24. When Ms. Thiel's vehicle stopped, Ms. Mendoza, who was closely following Ms. Thiel's car at an "excessive speed" and not fully paying attention to the road, failed to apply the brakes in a timely manner. *Id.* ¶¶ 14, 17, 20. As a result, Ms. Mendoza's vehicle collided with the rear end of Ms. Thiel's car before careening across the opposing lane of traffic, striking Mr. Frempong's vehicle twice and injuring him. *Id.* ¶¶ 14-15, 17-18.

B. Procedural Background

On December 12, 2022, Mr. Frempong filed an action in the Prince William County Circuit Court asserting negligence claims against Ms. Mendoza and Ms. Thiel. Dkt. 1-1. Subsequently, on November 21, 2023, the United States removed the action to this Court and substituted itself in place of Ms. Thiel as a Defendant pursuant to 28 U.S.C. § 2679(d)(1)-(2). Dkt. Nos. 1 (Notice of Removal); 2 (Notice of Substitution of Party Defendant).[2] Thereafter, on January 16, 2024, Mr.

---

[1] For purposes of considering the United States' Motions to Dismiss, the Court accepts all facts contained within the Amended Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] 28 U.S.C. § 2679(d)(2) provides for the removal to federal court of an action "upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ." *See also* 28 C.F.R. § 15.4 (delegating certification authority to the appropriate United States Attorney).

Frempong filed an Amended Complaint in this Court bringing three counts: (1) negligence as to Ms. Mendoza (Count I); (2) negligence as to the United States (Count II); and (3) joint and several negligence as to both Defendants (Count III). Dkt. 11.

The United States then filed a Partial Motion to Dismiss the Amended Complaint, Dkt. 15, along with a Memorandum in Support, Dkt. 17, on January 29, 2024. In response, Mr. Frempong filed an Opposition to the Partial Motion to Dismiss on January 31, 2024, Dkt. 20, and the United States filed a Reply to Mr. Frempong's Opposition on February 6, 2024, Dkt. 22.

On January 30, 2024, Ms. Mendoza filed a Crossclaim against the United States, seeking a judgment for contribution in the event that Mr. Frempong is awarded any damages from her. Dkt. 19. The United States subsequently filed a Motion to Dismiss the Crossclaim, Dkt. 23, along with a Memorandum in Support, Dkt. 24, on March 25, 2024. Thereafter, Ms. Mendoza filed an Opposition to the United States' Motion to Dismiss the Crossclaim on April 8, 2024, Dkt. 26, to which the United States filed a Reply on April 15, 2024, Dkt. 27.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[T]he

---

Meanwhile, 28 U.S.C. § 2679(d)(1) provides for the substitution by operation of law of the United States as a party defendant upon certification of the same. Here, the U.S. Attorney for the Eastern District of Virginia has certified that Ms. Thiel was acting within the scope of her employment as an employe of the Government at the time of the events giving rise to the Complaint, Dkt. 2-1, and so both removal and substitution are proper.

3

reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level.'" (quoting *Twombly*, 550 U.S. at 555)).

In reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). To be sure, "the [C]ourt 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). In general, the Court may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb*, 791 F.3d at 508.

### III. ANALYSIS

The United States has brought two Motions to Dismiss in the instant case. First, the United States asks the Court to dismiss Counts II and III of the Amended Complaint for failure to state a plausible negligence claim against Ms. Thiel. Dkt. 15. And second, the United States moves the Court to dismiss the Crossclaim by Ms. Mendoza for failure to state a plausible underlying negligence claim. Dkt. 23. The Court will address each Motion in turn.

#### A. Partial Motion to Dismiss the Amended Complaint

The United States first asserts that the negligence claims in Counts II and III of the Amended Complaint should be dismissed because Mr. Frempong fails to plausibly state that Ms. Thiel caused his injuries. Dkt. 17 at 5-6. The United States argues that Plaintiff has, at most, pleaded a *prima facie* case of negligence against Ms. Mendoza (and not Ms. Thiel) because Ms.

4

Mendoza became a superseding cause of the car accident when she rear-ended Ms. Thiel.  Dkt. Nos. 17 at 5-6; 22 at 2.

In this matter brought under the Federal Tort Claims Act, "the law applicable is that of the jurisdiction where the tort was committed." *Johnson v. United States*, 528 F.2d 489, 491 (4th Cir. 1975).  Because the car accident at issue here occurred in Virginia, Virginia law controls.  To plausibly state a negligence claim under Virginia law, a plaintiff must allege that (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff to suffer damages.  *Fox. v. Custis*, 372 S.E.2d 373, 375 (Va. 1988).

The duties of drivers are largely determined by the circumstances.  *Luck v. Rice*, 29 S.E.2d 238, 240 (1944).  There are two relevant duties of care in the instant case.  The first is the duty to "exercise reasonable care to keep a proper lookout" to detect and avoid potential dangers on the road.  *Maroulis v. Elliott*, 151 S.E.2d 339, 346 (Va. 1966).  This duty includes looking out for cars that stop suddenly on the road.  *Johnson*, 528 F.2d at 492 (citing *Maroulis*, 151 S.E.2d).  "It is not necessary that one should foresee the cause of which a car may stop; but if he is prudent he must recognize the possibility of a sudden stop."  *Id.*  If the vehicle operator failed in this duty, then a *prima facie* case of negligence can be made.  *Garnot v. Johnson*, 387 S.E.2d. 473, 475 (Va. 1990).  On the other hand, a suddenly stopping vehicle operator has the duty to "use reasonable and ordinary care under the circumstances to see that such movement can be made safely."  *Rushton v. Mountcastle*, 118 S.E.2d 660, 664 (Va. 1961) (quotation and citation omitted).  Accordingly, it is also actionable negligence if a vehicle operator suddenly stops in front of another vehicle that they knew or should have known was closely following.  *Luck*, 29 S.E.2d at 240 (citations omitted).

The issue of proximate cause is similarly determined by the facts and circumstances of a particular case.  *Banks v. City of Richmond*, 348 S.E.2d 280, 283 (Va. 1986) (citing *Huffman v.*

*Sorenson*, 76 S.E.2d 183, 186 (Va. 1953)). This determination rests on whether the "act or omission, which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." *Id.* at 282 (quoting *Coleman v. Blankenship Oil Corp.*, 267 S.E.2d 143, 147 (Va. 1980)). While there can be more than one proximate cause, an action "which is new and entirely independent breaks the sequence of events, insulates the original or primary negligence." *Roanoke Ry. & Elec. Co. v. Whitner*, 3 S.E.2d 169, 171 (1939) (quotation omitted). In other words, an action is not a proximate cause if a superseding event would have independently caused the injury. *Kellerman v. McDonough*, 684 S.E.2d 786, 794 (Va. 2009) (citations omitted). The bar to qualify as a superseding cause, however, is a relatively high one. Not every intervening cause is considered a superseding cause. *Id*. For instance, an intervening cause does not qualify as a superseding cause if it was "put into operation by the [original tortfeasor]'s wrongful act or omission." *Id.* (quotation omitted). Indeed, the negligence "must so entirely supersede the operation of the [original tortfeasor]'s negligence" that it alone causes the injury. *Id.* (quotation omitted).

In the case at bar, the alleged facts, taken as true, plausibly suggest that Ms. Thiel acted negligently. As drivers operating their vehicles on the same road, Ms. Thiel and Ms. Mendoza owed duties of care to each other. *Luck*, 29 S.E.2d at 240. In particular, Ms. Thiel owed a duty to avoid suddenly stopping in front of Ms. Mendoza's car. *Roanoke Ry. & Elec. Co.*, 3 S.E.2d at 172. On the other hand, Ms. Mendoza, as the following vehicle operator, had a duty to maintain a proper distance behind Ms. Thiel's car and remain vigilant for potential dangers on the road. *Maroulis*, 151 S.E.2d at 346. The record before the Court plausibly suggests that both Ms. Thiel and Ms. Mendoza breached their respective duties. Ms. Thiel allegedly came to a sudden stop in front of Ms. Mendoza without signaling when she knew or should have known that a closely following

6

vehicle was moving at an excessive speed. Dkt. 11 ¶¶ 11, 24. Meanwhile, Ms. Mendoza allegedly failed to fully pay attention when she should have been on the lookout for any dangers on the road, including suddenly stopping vehicles. *Id.* ¶¶ 14, 17, 19-20. These independent breaches of duty together form a natural sequence of events that plausibly contributed to Mr. Frempong's injuries.

Importantly, neither Ms. Thiel's nor Ms. Mendoza's actions, viewed in context, were sufficiently disconnected from each other to the point that they could be considered superseding causes. Even assuming that Ms. Mendoza was following closely behind Ms. Thiel and not fully paying attention, there would have been more time for her to react to Ms. Thiel making a right turn had Ms. Thiel not suddenly stopped without signaling. As a result, a reasonable inference can be made that both Ms. Thiel and Ms. Mendoza were independent proximate causes of Mr. Frempong's injuries. *See Luck*, 29 S.E.2d at 240 (finding that the negligence of driver who veered left was insufficient to constitute sole proximate cause of collision where driver was following behind truck driver that suddenly stopped to turn without signaling and who knew or could have known, had he glanced behind, that driver was following closely). Therefore, this Court finds that Counts II and III of the Amended Complaint sufficiently allege Ms. Thiel's negligence at this juncture.

### B. Motion to Dismiss the Crossclaim

The United States next argues that Ms. Mendoza's Crossclaim seeking contribution should be dismissed because Mr. Frempong has failed to state a plausible underlying negligence claim against Ms. Thiel. This claim fails for the same reason as the United States' first Motion to Dismiss.

Though nonexistent at common law, a right of contribution has been codified in Virginia statutory law. *North River Ins. Co. v. Davis*, 274 F.Supp. 146, 149 (W.D. Va.1967), *aff'd* 392 F.2d

571 (4th Cir. 1968); *see also* Va. Code. Ann., § 8.01-34 ("Contribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude."). Under the doctrine of contribution, a joint tortfeasor may seek relief where there is "an inequitable burden placed upon him by reason of the refusal of another to perform such other's duty by paying his honest share of the common obligation." *Shiflet v. Eller*, 319 S.E.2d 750, 754 (Va. 1984) (quotation omitted). It is, however, well-settled that this derivative right cannot be exercised against a contribution defendant "unless the injured party could have recovered against [that] contribution defendant." *Pierce v. Martin for Benefit of Comm. Union Ins. Co.*, 334 S.E.2d 576, 578 (Va.1985) (citations omitted).

Here, this Court has already concluded that Mr. Frempong's Amended Complaint states a plausible negligence claim against Ms. Thiel. It thus follows that Ms. Mendoza has a plausible contribution claim in the event that Mr. Frempong obtains a judgment against Ms. Mendoza. Accordingly, the Court will permit the Crossclaim to move past the motion to dismiss stage.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the United States' Partial Motion to Dismiss the Amended Complaint (Dkt. 15) is DENIED; and it is

FURTHER ORDERED that the United States' Motion to Dismiss the Crossclaim (Dkt. 23) is DENIED.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August 8, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge